# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**ANTOINE D. ALLEN,**

       **Petitioner,**

v.                                   **Civil Action No. 1:14cv39**
                                         **(Judge Keeley)**

**WARDEN TERRY O'BRIEN,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 10, 2014, the *pro se* petitioner, Antoine D. Allen (hereinafter "Allen") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On March 13, 2014, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. FACTS[1]

#### A. Conviction and Sentencing

On March 2, 2004, a Grand Jury in the United States District Court for the Eastern District of Virginia issued a two-count Third Superseding Indictment against Allen and multiple other individuals for conspiracy to violate the Racketeering Influenced and Corrupt Organizations (RICO) Act and conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Doc. 379). The RICO count charged Allen with conspiracy to commit multiple acts involving murder, in violation of Virginia Code §§ 18.2-18,

---

[1] The history of Allen's criminal conviction, appeal and motions to vacate are taken from his docket sheet in Criminal Action No. 3:03-cr-00394-JRS-31 available on PACER.

18.2-26 & 18.2-31. (Doc. 1395). Following a seven day trial, a jury found Allen guilty of both counts charged in the Third Superseding Indictment on August 3, 2004. (Doc. No. 684 & 685). On November 17, 2004, Allen was sentenced to a term of life imprisonment on each count to be served concurrently. (Doc. 776).

B. **Direct Appeal**

On November 24, 2004, Allen filed a Notice of Appeal. (Doc. No. 795). In a Per Curiam opinion, the Fourth Circuit Court of Appeals affirmed his sentence on March 21, 2006. (Doc. No. 916); *See U.S. v. Batts*, 171 Fed.Appx. 977 (4th Cir. 2006). The appellate court judgment became final on April 21, 2006, and Allen filed a petition for writ of certiorari which was denied on October 2, 2006. (Doc. No. 918; *See* Doc. No. 1395).

C. **Petitioner's First Habeas Corpus**

On July 15, 2010, Allen filed a "Petition for Relief Not to be Construed as a Second and Successive 2255 Motion," which the court did construe as a § 2255 motion. (Doc. No. 1209 & 1242)[2]. The court found that the motion was untimely, but allowed Allen the opportunity to demonstrate that his petition qualified for equitable tolling. (*Id.*; *See* Doc. No. 1395). In response, Allen argued that he was unaware of the statute of limitations on § 2255 motions, and therefore should qualify for equitable tolling, which the court denied on June 21, 2011 (Doc. No. 1248 & Doc. No. 1259).

D. **Petitioner's Second Habeas Corpus**

On May 21, 2012, Allen filed another Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1320). In a memorandum opinion, the District Court for the Eastern District of Virginia dismissed the motion as second or

---

[2] Doc. No. 1209 appears as a § 2255 motion as Doc. No. 1243.

2

successive, noting that Allen was not given a certificate of appealability, and therefore did not have jurisdiction.

### III.    ISSUES PRESENTED

In his petition, Allen raises four grounds for relief: (1) "the Evidence does not support the verdict and the evidence is insufficient to ascertain a conviction of murder and a RICO Act violation; (2) ineffective assistance of counsel; (3) the court "allowed and permitted [Allen] to be tried on charges that are not made in the indictment against him."; and (4) actual innocence of the charged offense in the indictment. (Doc. No. 1). Allen believes that the government failed to submit evidence that satisfied the elements of a murder charge and RICO violation. Allen believes that he was convicted of murder when there was not a count of murder in the indictment. (Doc. No. 1-1, p. 7)[3]. Allen also states that the government could not accurately establish that he was in a gang just because he wore "White Tee Shirts, or [held] up three fingers" and that there was no established leader because "everybody was doing their own things." (*Id*. at p. 10). Therefore, Allen alleges actual innocence of the charges for which he was convicted.

In regards to the ground of ineffective assistance of counsel, Allen believes that in several instances his Counsel failed to object to certain proceedings and "knew or should have known" that such failure would lead to prejudice against him. (*Id*. at p. 13).This ineffective assistance, Allen claims, denied him due process of law. (*Id*. at p. 17).

### IV.    ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a

---

[3] In the Memorandum Opinion of Allen's criminal conviction that is available on PACER, a particular line reads, "The RICO count charged that Allen conspired to commit multiple acts involving murder, in violation of Virginia Code sections 18.2-18, 18.2-26 & 18.2-32 . . . ." (Criminal No. 3:03-cr-00394-JRS, Doc. No. 1395, p. 1).

sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[4], the prohibition against successive petitions, or a procedural bar due to the failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within to file any federal habeas corpus motion. 28 U.S.C. § 2255.
    The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255

4

and (3) the prisoner cannot satisfy the gate-keeping provisions of §
2255 because the new rule is not one of the constitutional law[5].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, in order to raise his claims under § 2241, Allen must first establish that he is entitled to review under § 2241 by meeting the *Jones* requirements[6]. Allen has not, and cannot satisfy the *Jones* requirements. Even if he could satisfy the first and third elements of *Jones*, the crimes for which Allen was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of *Jones*. Accordingly, he has improperly filed for habeas relief from this Court pursuant to 28 U.S.C. § 2241.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will

---

[5] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See Jones*, 226 F.3d at 330.

[6] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Royal v. Taylor*, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: 7-17-2014

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE